UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ALETHA DILLARD**, individually and on behalf of those similarly situated,

    Plaintiff,

v.

**GM EQUITY DEVELOPMENT, LLC**, a Michigan Limited Liability Company, and **GREEN W. MOSS,** jointly and severally,

    Defendants.

Case No.: 20-cv-10951

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ALETHA DILLARD, individually and on behalf of those similarly situated ("Plaintiff"), was an employee of Defendants, GM EQUITY DEVELOPMENT, LLC ("GM Equity") and GREEN W. MOSS ("Moss"), (collectively, "Defendants"), and brings this action for unpaid overtime compensation, unpaid minimum wage compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

**INTRODUCTION**

1.    This is a collective action to recover unpaid minimum and overtime

wages under the FLSA, 29 U.S.C. § 201, *et seq*.

2. Defendants violated the FLSA by knowingly suffering or permitting Plaintiff and other similarly situated manual laborers to work in excess of 40 hours during workweeks throughout the relevant time period without receiving overtime compensation at a rate of one-and-one-half times their regular-rate of pay, and full minimum wages for all hours worked in workweeks throughout the three years preceding the filing of this Complaint. Plaintiff seeks to bring her claim for violation of the FLSA as a collective action under 29 U.S.C. § 216(b).

3. Plaintiff has executed her Consent to Join form, which is attached hereto as ***Exhibit A***.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Defendants reside within the Eastern District of Michigan, and a substantial part of the events or omissions giving rise to the claims pled in this Compliant occurred in the Eastern District of Michigan.

## PARTIES

6. At all material times, Plaintiff resides in the Wayne County, Michigan.

7. At all relevant times, Defendant, GM Equity was, and continues to be a Michigan limited liability management services company with its principal place of business in, Michigan.

8. Upon information and belief, Defendant, Moss was and is an individual resident of the State of Michigan.

9. Defendant Moss is the owner of Defendant GM Equity.

10. Defendant Moss is an employer as defined by 29 U.S.C. § 201, *et. Seq.*, in that he acted directly or indirectly, in the interest of Defendant GM Equity towards Plaintiff and other similarly-situated employees.

11. Mr. Moss regularly exercised the authority to: (a) hire and fire employees of GM Equity; (b) controlled the finances and operations of GM Equity; (c) controlled significant aspects of the corporation's day-to-day operations, including the authority to set wages; (d) actively participated in the overall supervision of GM Equity; and (e) ultimately in a position of authority over the business decisions that led to the FLSA violations.

12. At all relevant times, Defendants were an enterprise covered by the FLSA, as defined by 29 U.S.C. §§ 203(r) and 203(s).

13. At all relevant times, Plaintiff was "engaged in commerce" within the meaning of the FLSA.

14. At all relevant times, Plaintiff was engaged in the "production of

goods and services" and subject to the individual coverage of the FLSA.

15. At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

16. Defendants were Plaintiff's "employer" within the meaning of the FLSA.

17. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

18. At all relevant times, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

19. At all relevant times, Plaintiff "engaged in commerce" and subject to individual coverage of the FLSA, by virtue of her handling, building, maintaining, or otherwise working on goods or materials that had been moved in interstate commerce or produced for commerce.

20. At all relevant times, the work performed by Plaintiff was directly essential to the business performed by Defendants' commercial cleaning services.

## FACTUAL ALLEGATIONS

21. Plaintiff worked for Defendants as a commercial cleaner from approximately February 2018 to April 2019.

22. Plaintiff performed commercial cleaning duties for Defendants, which included cleaning hotels, restaurants and businesses.

4

23. Plaintiff was compensated on an hourly basis.

24. Plaintiff earned $10.00 per hour for her hours worked.

25. Throughout her employment with Defendants, Plaintiff worked over forty (40) hours during multiple weeks of employment as a commercial cleaner.

26. On average, Plaintiff worked between fifty (50) and sixty (60) hours each workweek.

27. However, Plaintiff did not receive a time and one-half overtime time premium for all of her overtime hours worked.

28. Defendants employ other similarly-situated employees as commercial cleaners.

29. Defendants compensated its other commercial cleaners on an hourly basis.

30. Defendants compensated its other commercial cleaners on a straight-time basis, and did not pay them a time and one-half overtime premium for their overtime hours worked.

31. Plaintiff was also required to pick up and drop off other commercial cleaners employed by Defendants, and drive them to and from the various job sites to perform commercial cleaning services.

32. Plaintiff was not compensated for her drive time and other hours worked, but was required to perform these duties off-the-clock.

33. Plaintiff and the putative class were not compensated for travel time.

34. Plaintiff and the putative class were not compensated for other related work, but were required to complete this work off-the-clock.

35. Plaintiff was not paid time and one half overtime wages for *all* hours worked over forty (40) within a workweek.

36. Plaintiff also did not receive the statutory minimum wage for all of her hours worked during certain workweeks.

37. Defendants orchestrated a common policy and practice of forcing its employees, including Plaintiff, to work while "off-the-clock."

38. Defendants violated 29 U.S.C. §206 because it failed to pay Plaintiff and the putative class minimum wages for all the hours worked.

39. In addition, Plaintiff was only sometimes reimbursed for gas and/or mileage for trips to job sites.

40. Defendants failed to maintain proper time records as mandated by law.

41. Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA, and otherwise failed to properly disclose or appraise Plaintiff and the putative class of their rights under the FLSA.

## **COLLECTIVE ACTION ALLEGATIONS**

42. Plaintiff and the class members performed the same or similar job duties as one another in that they provided commercial cleaning services for Defendants.

43. Defendants' common policy violations have caused Plaintiff and the putative class to receive less than minimum wage and payment of a wages less than one and one-half their hourly rate of pay for all overtime hours worked.

44. These policies or practices were applicable to Plaintiff and the putative class.

45. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

46. Rather, the same policies or practices which resulted in the non-payment of minimum wages and overtime to Plaintiff apply to all class members.

47. Accordingly, the class members are properly defined as:

> All persons who work/worked for Defendants as "commercial cleaners" and were not paid the full minimum wage or time and one half overtime compensation for all of their hours worked at any time during the three years preceding this lawsuit.

48. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the putative class.

49. Defendants did not act in good faith or reliance upon any of the

following in formulating its pay practices: a) case law; b) the FLSA, 29 U.S.C. § 201, *et seq.*; c) Department of Labor Wage & Hour Opinion Letters; or d) the Code of Federal Regulations.

50. Defendants have acted willfully in failing to pay Plaintiff and the putative class in accordance with the law.

### COUNT I - VIOLATION OF  29 U.S.C. § 201, *et seq* – FAILURE TO PAY OVERTIME WAGES

51. Plaintiff incorporates Paragraphs 1 - 50 by reference.

52. Plaintiff and the putative class are/were entitled to be paid one and one-half their regular rate of pay for each hour worked in excess of forty (40) per workweek.

53. During their employment with Defendants, Plaintiff and the putative class regularly worked overtime hours but are/were not paid time and one-half compensation for same.

54. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff and the putative class time and one half their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff and the putative class have suffered damages.

55. At all relevant times, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, by virtue of the management policy, plan or decision that intentionally provided for

the compensation of such employees at a rate less than time and one half for their overtime hours.

### COUNT II - VIOLATION OF 29 U.S.C. § 206 – FAILURE TO PAY MINIMUM WAGES

56. Plaintiff incorporates Paragraphs 1-50 by reference.

57. Plaintiff and the putative class worked for Defendants and were not paid a minimum wage for all hours that they worked in certain workweeks.

58. Defendant's pay practices are in willful violation of the FLSA.

59. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages.

WHEREFORE, Plaintiff, and the putative class, demand judgment against Defendants for:

    a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly-situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

    b) The payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate her/them;

    c) The payment of all hours worked off-the-clock at applicable

    hourly wage rates;

d) The minimum wage payment for all hours worked;

e) Liquidated damages;

f) Reasonable attorneys' fees and costs incurred in this action;

g) A declaration that Plaintiff and the Opt-in Plaintiffs were wrongfully denied applicable minimum wage and overtime wages as required by law;

h) Pre-judgment and/or post-judgment interest as provided by law; and

i) Any and all further relief that this Court determines to be appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: April 17, 2020

Respectfully submitted,

*/s/ Michael N. Hanna*
Michael N. Hanna (P81462)
Haba K. Yono (P81114)
MORGAN & MORGAN, P.A
2000 Town Center, Suite 1900
Southfield, MI 48075
(313) 251-1399
mhanna@forthepeople.com
hyono@forthepeople.com

*Attorneys for Plaintiff*