# EXHIBIT A

# SETTLEMENT AGREEMENT
# AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims ("Settlement Agreement") covers all understandings between Aletha Dillard ("Plaintiff"), on behalf of herself and all others similarly situated (hereinafter referred to as the "Plaintiff" individually, and as representatives of the "Plaintiff's Class", a term which includes Plaintiff and all Opt-In Plaintiffs), and Defendants, GM Equity Development, LLC and Green W. Moss (hereinafter referred to as "Defendants" a term which includes any parent or subsidiary corporation, and its past and present employees, directors, representatives, shareholders, members, or other interest holders).

## RECITALS

A.  Named Plaintiff, Aletha Dillard, has filed a lawsuit under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), on behalf of herself and those similarly situated, against Defendants, GM Equity Development, LLC and Green W. Moss. The Lawsuit was filed on April 17, 2020 in the United States District Court Eastern District of Michigan, and was assigned case number 5:20-cv-10951 (the "Action").

B.  In the Action, the Plaintiff alleges unpaid wage violations under the FLSA, and seeks, *inter alia*, alleged unpaid minimum and overtime wages, liquidated damages, attorneys' fees and costs.

C.  On September 4, 2020, the Court conditionally certified this FLSA collective action, and permitted the Plaintiff to serve notice to join the collective action to all individuals who performed work as Commercial Cleaners for Defendant GM Equity, LLC and Moss on or after April 17, 2017. ECF No. 10. Ultimately, fourteen (14) putative class members elected to join this collective action by filing their consent to join.

C.  The Parties have engaged in extensive negotiations concerning the settlement of the claims asserted in this Collective Action. On June 3, 2021, the Parties participated in mediation before Hon. James Rashid (Ret.), of Judicial Resource Services PC, and reached a resolution for the claims.

D.  The Plaintiff and Settlement Class Counsel have concluded, based upon their investigation and mediation, and taking into account the contested factual and legal issues involved, the expense and time necessary to prosecute the Action through the final trial, the risks and costs of further prosecution of the Action, the uncertainties of complex litigation, and the substantial benefits to be received pursuant to this Agreement, that a settlement with Defendants on the terms set forth herein is fair, reasonable, and adequate, and in the best interest of the Plaintiff's Class. Plaintiff and the Settlement Class Counsel have agreed to settle this Action with Defendants based on the terms set forth herein.

E.  Defendants deny each of the claims asserted against it in the Collective Action, deny that Plaintiffs were "employees" of the Defendants as defined by the FLSA, and make no admission of liability. While Defendants deny the liability, Defendants have also made representations concerning their inability to pay a judgment in this matter above and beyond the settlement value and schedule of payment set forth herein, and have provided Plaintiff and Class Counsel with an

1

affidavit attesting to same. Defendants nevertheless desire to settle the Action and the claims asserted in the Action, on the terms and conditions set forth herein, for the purpose of avoiding the burden, expense, and uncertainty of continuing litigation, and for the purpose of putting to rest the controversies engendered by the Action.

## AGREEMENT

1. **Recitals**. The recitals set forth above are incorporated herein by reference and are explicitly made a part of this Settlement Agreement.

2. **Plaintiff's Settlement Class**. Based upon all files, records, and proceedings in the Action, including the above recitals, Plaintiff on behalf of himself and Plaintiff's Class and Defendants (collectively the "Parties") request approval of the settlement class, which is defined as:

> All individuals who performed work as Commercial Cleaners for Defendant GM Equity, LLC and Moss on or after April 17, 2017.

3. **Settlement Consideration to Plaintiff's Class**. Defendants will pay $275,000 to settle all Plaintiff Class members' claims ("Settlement Fund"). Under no circumstances shall Defendants be obligated to pay an amount in excess of $275,000.

    a. The breakdown of the Settlement Fund is as follows:

        i. $180,333.33 for payments to the Plaintiff's Class ("Plaintiff's Class Fund") for which a IRS Form 1099 shall be issued;

        ii. $91,666.67 for attorneys' fees, administrative and taxable costs, and class administration costs as explained below for which a IRS Form 1099 shall be issued to Morgan & Morgan, P.A.; and

        iii. $3,000 for incentive payments to the named plaintiff, Aletha Dillard for which a IRS Form 1099 shall be issued.

Plaintiff acknowledges that her counsel of record are not tax attorneys, and she is expressly advised to seek advice from a tax professional concerning the tax implications of the settlement payment described herein.

Defendant shall make payment in eighteen (18) equal monthly installments due the first of the month beginning on July 1, 2021 and ending on December 1, 2022. The Payment schedule outlining each class members' respective recovery and monthly installment schedule is attached as **Exhibit A**.

    b. To receive the settlement compensation set forth in paragraph 3(a), Class members must submit a Class Member Opt-In Settlement Agreement and Release ("Claim Form"), a generic copy of which is attached as **Exhibit B**. The Claim Form will be mailed to the class members within ten (10) days of the Court approving the Parties'

2

Joint Motion to Approve the Collective Action Settlement. The Claim Form must be returned to Class Counsel, and postmarked no later than forty-five (45) days after the date that the Claim Form was mailed to the Class Member.

All settlement payments due to a Class Member on a date set before the Court enters its Order Approving the Class Settlement and/or before the respective Class Member submits their Claim Form shall be paid out to the Class Member no later than ten (10) days after the Court approves the Settlement Agreement and the Class Member submits their respective Claim Form.

c.  The Settlement Fund is apportioned on a *pro rata* basis, contingent on the records available and unpaid wage estimates provided by the Plaintiffs. The Opt-in Plaintiffs are entitled to the *pro rata* share they would individually receive as if every class member elects to participate in this collective action, as outlined in **Exhibit A**.

Any settlement funds apportioned to an Opt-in Plaintiff that does not elect to participate in this collective action settlement and/or submit a Claim Form will revert to the Defendant. A non-participating Opt-in Plaintiff will not give up any of his or her rights to refile his or her claim against the Defendants, and their statutory claims under the FLSA will be considered equitably tolled from the date of the filing of their consent to join form to the due date of their Settlement Claim Form.

4.  **Approval Order**.  The Parties shall promptly move the Court in the Action for an order:

   a.  Approving this Settlement Agreement;

   b.  Approving notice to the Opt-in Plaintiffs directing the mailing of the Claim Form, attached hereto as **Exhibit B**, by first class mail to the last known address of each person in the Class;

   c.  Establishing a deadline for members of the Class to submit their Claim Forms and releases to Settlement Class Counsel no later than 45 days after the Notice goes out.

5.  **Attorney's Fees, Costs and Expenses**.

   a.  Settlement Class Counsel intends to request that the Court approve the settlement, which includes an award of attorney's fees, costs including class administrative costs, and expenses totaling $91,666.67. Defendants agree to pay attorney's fees, costs, and expenses in this amount, provided that the amount is approved by the Court. Payment shall be made within the time periods as indicated above under paragraph 3 with checks made payable to Morgan & Morgan P.A.

   b.  Except as provided in paragraph 3, the Parties shall bear their own attorney's fees, costs, and expenses incurred in the prosecution, defense and/or settlement of the proceeding. The Named Plaintiff, the Plaintiff's Class and Settlement Class Counsel shall not seek an award of attorney's fees, costs, or expenses in the Action except as provided in paragraph 5(a).

3

6. **Releases.**

   a. As of the Effective Date of this Settlement Agreement (as defined below), Plaintiff acknowledges full satisfaction of, and fully, finally, and forever settles with, releases, and discharges the Released Parties (as defined below) of and from all Settled Claims (as defined below).

   b. For purposes of this Settlement Agreement, "Released Parties" means and includes Defendants, all of their affiliated, subsidiary, and parent companies, doing business in their own names and doing business under any other names, and all of their respective officers, directors, partners, insurers, employees, associates, trustees, agents, independent contractors, representatives, attorneys, predecessors, successors, and assigns.

   c. For purposes of this Settlement Agreement, "Settled Claims" for the named Plaintiff means any and all claims, demands, actions, causes of action, rights, offsets, liens, or liabilities, whether known or unknown, alleged or not alleged in the Action, suspected or unsuspected, contingent or vested, which Plaintiff has had, now has, or may have in the future which were or could have been raised in the Action based in whole or in part upon, arising out of, or related in any way to the facts, circumstances, transactions, occurrences, events, acts, omissions, or failures to act that are related to the Plaintiff's working relationship with Defendants, and, if applicable, the Plaintiff's separation from work with Defendants. Plaintiff is providing Defendants with a general release. Plaintiff and Defendants also agree not to disparage each other.

   d. For purposes of this Settlement Agreement, "Settled Claims" for the Opt-in Plaintiffs means any and all wage and hour claims. This includes, but is not limited to, all alleged violations under the FLSA.

7. **Effectiveness of Settlement Agreement.** The "Effective Date" of this Settlement Agreement shall be effective immediately upon the entry of the Final Approval Order and Judgment rendered by the Court.

8. **General Provisions.**

   a. **Entire Agreement.** This Settlement Agreement constitutes the entire agreement between and among the Parties with respect to the settlement of the Action. This Settlement Agreement supersedes all prior negotiations and agreements and may not be modified or amended except by a document in writing signed by Plaintiff, Defendants and their respective attorneys. Such written document may be executed in counterparts with facsimile or electronic signatures, and each shall have the force of an original. This Settlement Agreement expressly relies on Defendant's financial representations as outlined herein and as outlined in the affidavit provided by Defendants in connection with this settlement.

   b. **Time Periods/Dates.** The time periods and/or dates described in this Settlement Agreement are subject to change only by written agreement of the Parties.

  c. **Execution in Counterparts**. This Settlement Agreement may be signed in one or more counterparts with facsimile and/oror electronic signatures and each shall have the force of an original.

  d. **Legal Representation**. The Parties to this Settlement Agreement acknowledge that they have been represented by qualified legal counsel both in connection with the Action and in connection with the negotiation, drafting, and execution of this Settlement Agreement. Accordingly, the language used in this Settlement Agreement will be deemed to be language chosen by all Parties hereto to express their mutual intent, and no rule of strict construction against any party hereto will apply to any term or condition of this Settlement Agreement.

  e. **Choice of Law**. This Settlement Agreement shall be construed, enforced, and administered in accordance with the state laws of Michigan.

Date: Jul 6, 2021  Signature: _ALETHA DILLARD (Jul 6, 2021 17:17 EDT)_
             Aletha Dillard

Date: 6/28/2021  Signature: _____
             Green W. Moss

Date: 6/28/2021  Signature: _____
             for GM Equity Development, LLC

5

**EXHIBIT A**

| \<\> | \<\> | \<\> | \<\> |
|---|---|---|---|
| **Dillard v. GM Equity Development, LLC, et al.** | | | |
| Last | First | Total Payment | Monthly Installment Payments |
| Adams | AnJeanne | $10,997.99 | $611.00 |
| Atkinson | Brandon | $5,259.06 | $292.17 |
| Black | George | $1,874.85 | $104.16 |
| Cureton | Maurice | $18,437.54 | $1,024.31 |
| Dillard-Kindle | Aletha | $8,653.04 | $480.72 |
| Dye | Corey | $14,433.43 | $801.86 |
| Erkard | Loleata | $5,392.98 | $299.61 |
| Jackson | Alva | $11,148.65 | $619.37 |
| Kindle | Brittni | $5,646.86 | $313.71 |
| Leonard | Loretta | $11,829.40 | $657.19 |
| Morgan III | Donald R | $10,797.12 | $599.84 |
| Prince | Alfredia | $26,593.83 | $1,477.44 |
| Robinson | RuSonja | $5,398.56 | $299.92 |
| Snead | Lucas | $18,746.81 | $1,041.49 |
| Wilson | JyBril | $25,123.20 | $1,395.73 |
| **Dillard Incentive Payment** | | $3,000.00 | $166.67 |
| **Morgan & Morgan, P.A.** | | $91,666.67 | $5,092.59 |
| | TOTALS | $275,000.00 | $15,277.78 |

**EXHIBIT B**

## CLASS MEMBER OPT-IN SETTLEMENT AGREEMENT AND RELEASE

GM Equity Development, LLC and Green W. Moss, which includes any parent or subsidiary corporation, and its past and present employees, directors, representatives, shareholders, members, or other interest holders (hereinafter referred to as "Defendants"), and [insert Opt-in Plaintiff name] (hereinafter referred to as "Opt-in Plaintiff") desire to resolve their disputes, including any and all claims for unpaid wages that were raised or could have been raised in the case of *Aletha Dillard*, individually, and on behalf of others similarly situated v. *GM Equity Development, LLC*, a Michigan Limited Liability Company, and *Green W. Moss*, jointly and severally, which was assigned case number 5:20-cv-10951 (the "Action") and filed in the United States District Court, Eastern District of Michigan, and hereby agree as follows:

1. As consideration for this Agreement, Defendants agree to pay [Opt-in Plaintiff name] the gross amount of [Opt-in Plaintiff damages], for which a 1099 shall issue. Defendants shall make this payment through eighteen (18) equal monthly installments due the first of the month beginning on July 1, 2021 and ending on December 1, 2022. Opt-in Plaintiff's monthly installment amount is [monthly installment amount]. Opt-in Plaintiff's initial monthly installment amount and all past payments are due within ten (10) days after receipt of the executed Class Member Opt-in Settlement Agreement and Release. Opt-in Plaintiff acknowledges that her Class Counsel of record are not tax attorneys, and is expressly advised to seek advice from a tax professional concerning the tax implications of the settlement payment described herein.

2. In exchange for the consideration identified in paragraph 1, Opt-in Plaintiff waives and releases any and all wage and hour claims, causes of action, and demands he or she may have against Defendants that were raised or could have been raised in the Action, which includes but is not limited to claims brought pursuant to the Fair Labor Standards Act.

3. Entering this Agreement is solely for the purpose of compromise and shall not be deemed an admission of fault.

4. Opt-in Plaintiff is signing this agreement voluntarily and of his or her own free will.

5. This Agreement shall be construed and governed in accordance with the laws of Michigan, and the Court shall retain jurisdiction over all disputes arising out of this Agreement.

The parties hereby have executed this Agreement on the dates written below:

_____     Date: _____
[Opt-in Plaintiff]


_____     Date: _____
For GM Equity Development, LLC
and Green W. Moss,